UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONRELL D. MURPHY,<br><br>    Plaintiff,<br><br>    v.<br><br>C. ELSTON, et al.,<br><br>    Defendants. | No. 2:19-cv-2632 KJM AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and state tort law and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint alleges that defendants Elston, Smith, Agredano, and Betinis violated plaintiff's rights under the First and Eighth Amendments. ECF No. 1. Specifically, plaintiff alleges that on April 16, 2019, Agredano confronted plaintiff about sending out legal mail and told him that he was getting complaints from Betinis. Id. at 9. He further told plaintiff that he "better find a cell mate before they placed him in the cell with 'some crazy dued [sic],'" and accused him of trying to manipulate the system. Id. The following day, plaintiff was approached by Betinis, who asked if Agredano had talked to him and told him that he better find a cellmate or he would find himself in the hole and that he did not care about plaintiff's appeals on the matter. Id. When plaintiff asked why he was being singled out, Betinis responded "cause you think you smart but you're gonna lose in the end." Id.

On April 19, 2019, Agredano and Betinis aggressively approached plaintiff and told him he was moving. Id. at 9-10. Agredano told plaintiff "you want to push paperwork, we[']re sending yo ass to the hole," before grabbing plaintiff's left wrist, violently twisting it behind his back, and deliberately overtightening the handcuffs he applied. Id. at 10, 13. When plaintiff argued that he had not done anything to warrant being put in administrative segregation, Betinis told him it was because he thought he knew the law and that he could "write all the 602's [he] want[ed]" in administrative segregation. Id. at 10.

After the encounter with Agredano and Betinis, plaintiff was placed in the program office and notified the nurse that he was experiencing PTSD symptoms and feeling suicidal. Id. Elston and Smith then came to see plaintiff and refused to provide him with treatment despite his reports of suicidal ideation and history of suicide attempts. Id. Elston told plaintiff that he was being sent to administrative segregation to "think about" his history of filing complaints and trying to "work the system," while Smith told plaintiff that "suicidal people don[']t write 602's" and that if he wanted to kill himself he could do it in administrative segregation. Id. Later that evening, after being sent to administrative segregation, plaintiff attempted to commit suicide by hanging himself. Id. at 12.

On April 29, 2019, after being released from suicide watch, plaintiff was aggressively approached by Agredano, who asked if he had learned his lesson yet and told plaintiff that he could teach him again. Id. at 13. Agredano then followed plaintiff to his new cell, and while plaintiff and his cellmate were introducing themselves, Agredano grabbed plaintiff and slammed him against the wall before grabbing his left wrist, twisting it behind his back, and deliberately overtightening the handcuffs. Id. When plaintiff asked what he had done, Agredano told him that "if you want to kill yourself I'll give you a reason," and then stuck plaintiff in a standing room only cell for several hours under the pretext that he was still suicidal. Id.

IV.    Claims for Which a Response Will Be Required

Plaintiff's allegations are sufficient to demonstrate that defendants Elston, Smith, Agredano, and Betinis conduct was retaliatory in nature, see Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (retaliation claim must include allegation that defendant took adverse action against plaintiff because of his protected conduct and that the action chilled plaintiff's exercise of First Amendment rights and lacked legitimate correctional goal), and defendants will be required to respond to the complaint.

Plaintiff has also sufficiently alleged claims for excessive force against Agredano, see Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (force is excessive if used maliciously and sadistically to cause harm), and deliberate indifference to a serious medical need against Elston and Smith, see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (deliberate indifference shown

4

by a purposeful act or failure to respond to plaintiff's pain or medical need and harm cause by indifference), and defendants will be required to respond to these claims.

V. Failure to State a Claim

With respect to plaintiff's state law claims for intentional and negligent infliction of emotional distress, he has failed to state claims for relief because he has not alleged compliance with the Government Claims Act. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240, 1237 (2004) (for claims against the state, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint).

VI. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable state law claims. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Elston, Smith, Agredano, and Betinis on his First and Eighth Amendment claims, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his First and Eighth Amendment claims without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the state law tort claims.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official

participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not. The following claims pass screening and will require a response: (1) retaliation claim against Elston, Smith, Agredano, and Betinis; (2) excessive force claim against Agredano; and (3) deliberate indifference claim against Elston and Smith. Your state law tort claims do not state claims for relief because you have not pled facts showing that you filed a timely notice of claim as required by the Government Claims Act.

You have a choice to make. You may either (1) proceed immediately on your First and Eighth Amendment claims and voluntarily dismiss the state law claims, or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your state law tort claims. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims and information not in the amended**

**complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is GRANTED

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's state tort law claims do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his First and Eighth Amendment claims against defendants Elston, Smith, Agredano, and Betinis as set forth in Section IV above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the state tort claims.

DATED: May 14, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MONRELL D. MURPHY, | No. 2:19-cv-2632 KJM AC P |
|---|---|
| Plaintiff, |   |
| v. | PLAINTIFF'S NOTICE ON HOW TO PROCEED |
| C. ELSTON, et al., |   |
| Defendants. |   |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his First and Eighth Amendment claims against defendants Elston, Smith, Agredano, and Betinis without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his state tort claims pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                        Monrell D. Murphy
                                                        Plaintiff pro se